# IN THE SUPREME COURT OF THE STATE OF NEVADA

RUDY HERRERA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72543

FILED

FEB 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a direct appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder with a deadly weapon and battery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.[1]

Appellant Rudy Herrera argues the district court abused its discretion when it overruled the defense's objection and admitted testimony constituting prior bad act evidence without first holding a *Petrocelli* hearing. *See* NRS 48.045(2) (prohibiting the introduction of "[e]vidence of other crimes, wrongs or acts" to prove character and actions in conformity with that character); *Rosky v. State*, 121 Nev. 184, 195, 111 P.3d 690, 697 (2005) ("A presumption of inadmissibility attaches to all prior bad act evidence."); *see also Petrocelli v. State*, 101 Nev. 46, 51-52, 692 P.2d 503, 507-08 (1985), *superseded in part by statute as stated in Thomas v. State*, 120 Nev. 37, 44-45, 83 P.3d 818, 823 (2004). The State argues the testimony did not constitute prior bad act evidence because there was no mention in the testimony of Herrera being a suspect or a perpetrator in another crime, or that his involvement in another case stemmed from a bad act. We agree

---

[1]The parties know the facts and we do not restate them here except as necessary for analysis.

18-06380

with the State insofar as the detective's testimony did not constitute prior bad act evidence.

"District courts are vested with considerable discretion in determining the relevance and admissibility of evidence." *Archanian v. State*, 122 Nev. 1019, 1029, 145 P.3d 1008, 1016 (2006). However, even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury." *Id.* (internal quotation marks omitted). Prior bad act evidence, for example, is presumptively inadmissible because it "forces the accused to defend himself against vague and unsubstantiated charges and may result in a conviction because the jury believes the defendant to be a bad person." *Rosky*, 121 Nev. at 195, 111 P.3d at 697 (internal quotation marks omitted).

Here, however, the detective's testimony did not implicate Herrera in any additional crime or bad act or name him as a suspect in another pending matter. Thus, the dangers posed by prior bad act evidence, those of confusing the jury and casting the defendant as a "bad person" acting in accordance with bad character, do not apply here. Additionally, the district court considered the matter in a bench conference and, satisfied that the detective had not implicated Herrera in a collateral crime and that the State would elicit no further references, acted appropriately by overruling the defense objection and continuing the testimony. The detective's testimony was relevant because it gave essential context to the steps the detective took in order to procure the victim's identification of his shooter. Thus, any prejudicial effect the detective's testimony may have had by vaguely associating Herrera with another case was substantially

outweighed by the narrative giving credence to the victim's identification.[2] Therefore, we hold that the testimony did not constitute prior bad act evidence and the district court did not abuse its discretion. *See Tillema v. State*, 112 Nev. 266, 269-70, 914 P.2d 605, 607 (1996) ("The decision to admit or exclude evidence, after balancing the prejudicial effect against the probative value, is within the discretion of the trial judge."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. Michelle Leavitt, District Judge
Sanft Law, P.C.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]Herrera also argues the State "presented purely circumstantial evidence" that it was Herrera, rather than his co-defendant, who shot the victim and, therefore, the evidence was not sufficient to support a judgment of conviction. After viewing the evidence in a light most favorable to the prosecution, we hold Herrera's argument here is without merit. *Crawford v. State*, 92 Nev. 456, 457, 552 P.2d 1378, 1379 (1976) (holding that circumstantial evidence alone may support conviction); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979).